# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | Young B. Kim |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4860 | **DATE** | February 5, 2013 |
| **CASE TITLE** | Cardenas et al vs. Abbott Laboratories et al | | |

**DOCKET ENTRY TEXT**

Motion hearing held. Defendants' motion to compel [89] is granted in part and denied in part. Plaintiffs are to comply with this order by no later than March 8, 2013. If Plaintiffs fail to comply with this order without good cause, Defendants may move for adverse inference or other forms of sanctions, including issue or evidence preclusion, as warranted. The discovery deadline of February 14, 2013, is stricken. However, parties are not to serve any additional written discovery requests (excluding subpoenas for documents) without leave of court. A status hearing is scheduled for March 11, 2013, at 11:00 a.m. in courtroom 1019. Parties will be expected to report on the number of fact depositions they anticipate taking in this case. Parties will also be expected to report on whether they were able to resolve the fee issue as discussed on the record.

■[ For further details see text below.]   Notices mailed by Judicial staff.

01:00

# STATEMENT

For the reasons stated in open court, Defendants' motion to compel [89] is granted to the extent that Plaintiffs are required to provide more detailed and complete responses to Defendants' interrogatories and requests to produce:

1. Defendants are to identify the HIPPA releases that are still required with a brief summary of why they are sought in a letter to Plaintiffs by February 12, 2013. Plaintiffs are to either object or provide the requested releases by March 8, 2013. The objections, with a detailed explanation, must be posed in writing to Defendants by no later than February 19, 2013.

2. Plaintiff Paulsen is ordered to review Interrogatory 14 and provide the information it seeks to the best of her ability, based on what she can remember and the records she has in her possession. If she is unable to answer fully, she should state her reasons for her incomplete answer.

3. All three Plaintiffs are ordered to revisit Interrogatories 9 and 10 and provide a more detailed response. If they are unable to answer portions of the interrogatory, they should explain their reasons for their incomplete answer.

4. Plaintiffs Cardenas and Paulsen must review their records and turn-over a copy of any non-privileged records pertaining to their personal injury lawsuits and disability claims to Defendants. If they do not have the documents responsive to Interrogatories 6 and 8 and Request to Produce 5, they must identify the individuals or organizations that may have the records and provide Defendants with a proper release so that Defendants may subpoena those records.

**STATEMENT**

5. Plaintiffs Cardenas and Dustin are ordered to provide a more detailed response to Interrogatory 3. While Plaintiffs Cardenas and Dustin provided their employment history, they did not provide the salary/pay information requested.

6. All three Plaintiffs are to verify that they do not have any statements, written or oral, in response to Request to Produce 2, other than what they may have already provided to Defendants.

7. All three Plaintiffs are to turn-over a copy of any medical bills or invoices they have in their possession pertaining to medical services they received since receiving Lupron injections in response to Request to Produce 4.

8. All three Plaintiffs are to turn-over a copy of any letters they sent to their treating physicians related to their medical issues since their Lupron injections, even if the letters are saved on their computers, in response to Request to Produce 23. If they do not have such letters, they should affirmatively state that they do not have any responsive documents in their possession.